**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL WAYNE LYON,

Defendant - Appellant.

No. 23-417

D.C. No.
3:21-cr-00035-IM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted June 6, 2024
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Michael Wayne Lyon appeals his jury conviction on one count of using a

minor, ML, to produce a visual depiction of sexually explicit conduct, in violation

of 18 U.S.C. § 2251(a) and (e). We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court did not err in denying Lyon's motion for acquittal. "Where a defendant move[s] for acquittal before the district court, this court reviews de novo whether sufficient evidence exists to support a guilty verdict." *United States v. Suarez*, 682 F.3d 1214, 1218 (9th Cir. 2012) (citation omitted). Where a record supports "conflicting inferences," we "must defer to [the jury's] resolution" and uphold the verdict so long as "*any* rational trier of fact [could find] the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citations omitted).

Section 2251(a) criminalizes engaging in sexually explicit conduct with a minor "for the purpose of producing any visual depiction of such conduct[.]" This must be the defendant's "dominant, significant or motivating purpose" for engaging in the conduct. *United States v. Rosenow*, 50 F.4th 715, 740 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 786 (2023). Here, ML testified that: (1) she exchanged nude photographs with Lyon before they met, (2) before Lyon recorded the video at issue, she attempted to cut off communications with Lyon, who responded "violently" and threatened ML and her family, (3) Lyon recorded himself and ML engaging in sexually explicit conduct in the video at issue, (4) Lyon threatened to send the video to ML's boyfriend because she "would not listen to him," (5) Lyon later sent the video to ML's boyfriend and family, (6) Lyon continued to threaten ML after he recorded the video, and (7) Lyon

repeatedly threatened to leak naked content of ML online. The government also presented a series of text messages between ML and Lyon—using the pseudonym "Ben Dover"—where Lyon: (1) threatened to leak naked content of ML, and (2) reminded ML that he had kept the video of her after their encounter. Finally, the government presented a series of text messages between Lyon and a third-party minor, LadyL, in which Lyon solicited a sexual video from the minor. Based on this evidence, a rational trier of fact could find that recording a video was a "dominant, significant or motivating purpose" for Lyon's engaging in sexually explicit conduct with ML. *Id.*

Section 2251(a) also incorporates an interstate commerce element, which can be met by showing the visual depiction crossed state lines. The government presented evidence that: (1) Lyon rented a car in Washington days before he made the video with ML, (2) Lyon made the video with ML in Oregon on his cellphone, (3) Lyon returned his rental car in Washington days after the video recording was made, (4) after returning the car, Lyon drove a truck between Pennsylvania and Wisconsin, and (5) Lyon sent the video to ML's boyfriend and family at some point thereafter. On this evidence, it was reasonable for the jury to find that Lyon transported the video of ML across state lines.

2. We review a trial court's decision to admit evidence under Federal Rules of Evidence 404(b) and 403 for abuse of discretion. *United States v. Danielson*,

325 F.3d 1054, 1075 (9th Cir. 2003) (Fed. R. Evid. 404(b)); *United States v. Gonzales-Torres*, 309 F.3d 594, 601 (9th Cir. 2002) (Fed. R. Evid. 403).

The district court did not abuse its discretion in admitting the text messages between Lyon and the third-party minor, LadyL. Rule 404(b) allows evidence of other acts to show intent. The government has the burden to prove the proposed evidence "(1) . . . tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to [show that the] defendant committed the other act (sufficiency); and (4) [] the act is similar to the offense charged (similarity)." *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021) (citation omitted). In the admitted exchanges, Lyon solicited sexually explicit material from LadyL. Lyon sent the text messages two years after he engaged in the charged conduct with ML. These messages tended to prove intent and were sufficiently recent and similar to the conduct between Lyon and ML. Further, the court did not abuse its discretion in finding these messages were more probative than prejudicial, especially because Lyon's primary defense was that he lacked the required intent to violate § 2251(a).

3. Even assuming the district court erred in admitting the text messages Lyon sent on the Whisper application, this was harmless error given the cumulative evidence of Lyon's intent. *See United States v. Lopez*, 4 F.4th 706, 718 (9th Cir. 2021) ("It is well established that the strength of the Government's case can render

4

trial errors harmless by reducing the likelihood that tainted evidence impacted the verdict.").

   **AFFIRMED**.